IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SHAN FU, as the widow of | : | |
| Guangmao Nie, deceased, and | : | |
| MINGZHOU NIE, as Administrator of | : | |
| the Estate of GUANGMAO NIE, | : | |
| | : | |
|     Plaintiffs, | : | |
| v. | : | |
| | : | No. 5:12-CV-494 (CAR) |
| LISA MARIE REED, | : | |
| | : | |
|     Defendant. | : | |
| _____ | : | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Lisa Marie Reed's Motion to Dismiss Plaintiffs'

claim for punitive damages.  Having considered the Motion and the applicable law,

Defendant's Motion to Dismiss [Doc. 14] is **DENIED.**

## LEGAL STANDARD

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a

plaintiff's complaint.[1]  To avoid dismissal pursuant to Federal Rule of Civil Procedure

12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'"[2]  A claim is plausible where the plaintiff

alleges factual content that "allows the court to draw the reasonable inference that the

---

[1] *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).
[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

defendant is liable for the misconduct alleged."[3]  The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[4]

## BACKGROUND

This lawsuit arises from an automobile-bicycle accident involving Defendant Lisa Reed and decedent Guangmao Nie.  Following the accident, Plaintiff Shan Fu, as the widow of the decedent, and Plaintiff Mingshou Nie, as the administrator of decedent's estate, filed suit against Defendant in the State Court of Houston County on September 24, 2010.[5]  In the initial suit, Plaintiffs pursued claims for wrongful death, bodily injury, and punitive damages.[6]  On June 7, 2012, the court granted partial summary judgment in Defendant's favor on Plaintiffs' claim for punitive damages.[7]  Following the court's order, Plaintiffs voluntarily dismissed their suit without prejudice on July 19, 2012.[8]

On December 13, 2012, Plaintiffs filed a renewal action in this Court pursuant to O.C.G.A. § 9-2-61(a).[9]   In their Complaint, Plaintiffs allege Defendant negligently

---

[3] *Id.* (citing *Twombly*, 550 U.S. at 556).

[4] *Twombly*, 550 U.S. at 556.

[5] *See* Compl. ¶ 6, Ex. A [Doc. 1]. The Court takes judicial notice of the parties' previous proceedings.  On a motion to dismiss, the Court may take judicial notice of public records, including filings in other courts, without converting the motion into a motion for summary judgment. *See, e.g., Horne v. Potter,* 392 F. App'x 800, 802 (11th Cir. 2010); *Universal Express Inv. v SEC*, 177 F. App'x 52, 53 (11th Cir. 2006).

[6] *See generally* Compl., Ex. A [Doc. 1-1].

[7] Mtn. to Dismiss, Ex. 1 [Doc. 14].

[8] Comp. ¶ 6, Ex. C [Docs. 1 & 1-3].

[9] *Id.* at ¶ 6.

2

operated her vehicle and struck decedent, who was riding his bike.[10]  Plaintiffs raise the same claims for wrongful death, bodily injury, and punitive damages.[11]

Defendant now moves the Court to dismiss Plaintiffs' punitive damages claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and O.C.G.A. § 9-12-40.  In support of her Motion, Defendant argues the state court's prior order granting partial summary judgment bars Plaintiffs' punitive damages claim on *res judicata* grounds.  Plaintiffs did not respond to the Motion, and the time in which to do so has expired.  Therefore, the Motion is now ripe for the Court's review.

## DISCUSSION

Defendant argues the doctrine of *res judicata* bars Plaintiffs' punitive damages claim because the state court granted partial summary judgment on this claim.  The Court disagrees.

"Where the first suit is brought in state court and the second suit is brought in federal court based on diversity, state law of *res judicata* is to be applied."[12]  Thus, under Georgia law, *res judicata* applies when there is "(1) [an] identity of the cause of action; (2) [an] identity of the parties or their privies; and (3) [a] previous adjudication on the

---

[10] *Id.* at ¶¶ 6-7.
[11] *Id.* at ¶¶ 17-23.
[12] *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1509 (11th Cir. 1985).

merits by a court of competent jurisdiction."[13]   In this case, the state court's order on summary judgment did not constitute "a final adjudication on the merits."

"Under O.C.G.A. § 9-11-54(b), a judgment as to one or more but fewer than all of the claims is not a final judgment and lacks res judicata effect <u>unless</u> the trial court expressly directs the entry of a final judgment."[14]   Absent an explicit directive, a trial may revise its grant of partial summary judgment at any time prior to entry of final judgment concluding the case.[15]   Thus, if the remainder of the case is later dismissed without prejudice and renewed, the prior order lacks *res judicata* effect. [16]

Here, the state court did not expressly direct the entry of final judgment on Plaintiffs' punitive damages claim in the order granting partial summary judgment. Further, the Plaintiffs voluntarily dismissed the remainder of the case without prejudice.  Therefore, the order lacks *res judicata* effect in the instant case.

Defendant's reliance on *Roth v. Gulf Atlantic Media of Georgia, Inc.*[17] is misplaced. There, the *Roth* court explained,

> [I]f a grant of partial summary judgment is not made final under O.C.G.A. § 9-11-54(b), the party against whom summary judgment was granted has the option to either appeal or not appeal at that time.[7] And if the party chooses to appeal, then the appellate decision on the summary judgment ruling is binding[.][18]

---

[13] *James v. Intown Ventures, LLC*, 290 Ga. 813, 816 (2012); *see also* O.C.G.A. § 9-12-40.
[14] *Stanley v. Hart*, 254 Ga. App. 258, 260 (2002) (emphasis added).
[15] *Canoeside Properties, Inc. v. Livsey*, 277 Ga. 425, 427 (2003).
[16] *See Aiken Dermatology & Skin Cancer Clinic, P.A. v. DavLong Sys., Inc.*, 314 Ga. App. 699, 704-05 (2012).
[17] 244 Ga. App. 677 (2000).
[18] *Id.* at 679.

Accordingly, the *Roth* court held that the doctrine of *res judicata* barred the plaintiff's claims in the second action because the plaintiff appealed the trial court's grant of partial summary judgment in the first action, and the court of appeals affirmed.[19]   In this case, by contrast, Plaintiffs did not appeal the state court's grant of partial summary judgment.  Therefore, *res judicata* does not bar the claim.

Based on the foregoing, Defendant's Motion to Dismiss [Doc. 14] is **DENIED**. The Court notes, however, that Plaintiffs' Complaint sounds in simple negligence, and Georgia law is clear that "[n]egligence alone, even gross negligence, will not support an award of punitive damages."[20]   Accordingly, it is **HEREBY ORDERED** that, within 14 days of the date of this Order, Plaintiffs must **SHOW CAUSE IN WRITING** why their claim for punitive damages should not be dismissed for failure to state a claim. Defendant may file a reply to Plaintiffs' response to this show cause order within 14 days of Plaintiffs' response**.**

**SO ORDERED,** this 9th day of April, 2014.

> S/  C. Ashley Royal
> C. ASHLEY ROYAL, CHIEF JUDGE
> UNITED STATES DISTRICT COURT

ADP/bbp

---

[19] *Id*. at 680.
[20] *Hutcherson v. Progressive Corp.*, 984 F.2d 1152, 1155 (11th Cir. 1993) (citing *Colonial Pipeline Co. v. Brown,* 258 Ga. 115, 119 (1988)).